UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOR CHINIAKOV,<br><br>　　　Plaintiff,<br><br>　v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER et al.,<br><br>　　　Defendants. | Case No. 5:26-cv-02031-SB-DMK<br><br><br>INTERIM ORDER RE HABEAS CORPUS PETITION |

Petitioner Igor Chiniakov, a citizen of Russia, entered the United States in February 2023 with his wife and two minor children.  He was granted humanitarian parole and served a notice to appear (NTA) in removal proceedings.  He filed an application for asylum that remains pending.  While in the United States, he has complied with his conditions of release, attended his appointments with Immigrations and Customs Enforcement (ICE), and maintained stable residence and employment.

On November 7, 2025, Petitioner was issued a citation for misdemeanor battery.  Dkt. No. 9, Ex. A.[1]

On February 2, 2026, Petitioner was arrested by ICE at a prescheduled ICE check-in and detained at the Adelanto ICE Processing Center.  His wife is

---

[1] The government asserts that Petitioner was arrested for felony battery, in violation of § 242 of the California Penal Code, carrying a maximum potential four-year sentence.  The citation attached to Petitioner's reply, however, reflects that he was cited for misdemeanor battery, and the District Attorneys office declined to prosecute the charge.  Dkt. No. 9, Ex. A.

1

currently experiencing a high-risk pregnancy that requires continuous medical monitoring and support.

On April 20, 2026, Petitioner filed a habeas corpus petition and application for a temporary restraining order (TRO), challenging his arrest, his detention without prior notice and a hearing, and his continued detention without bond.  Dkt. Nos. 1, 2.  He seeks his immediate release from custody.  Respondents oppose the TRO application to the extent that it seeks release.  Dkt. No. 7.

I.

Petitioner seeks a preliminary order prohibiting his transfer or removal from this district during the pendency of the habeas petition.

To obtain preliminary relief, a plaintiff must establish:  (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same); *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (adopting sliding-scale test). "A preliminary injunction is an extraordinary remedy never awarded as of right," but only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22, 24.

Petitioner has not shown that the requested relief is warranted.  He has presented no evidence of imminent transfer or removal.  His removal hearing is scheduled for June 23, 2026, and there is no indication that the government intends to transfer him outside the district before then.  Moreover, the government is required under General Order 26-06 to "provide at least two court days' notice to the petitioner . . . and the Court of its intent to remove the petitioner from the Central District of California."  Dkt. No. 4 at 6.  If the government gives notice under that order, the Court will consider a renewed application for preliminary relief to preserve its jurisdiction.

II.

The Court now considers the merits of the petition.  Petitioner asserts that he is being improperly detained without bond under 8 U.S.C. § 1225(b)(2)(A) and should be immediately released.

2

1. The government opposes Petitioner's request for immediate release but does not address whether he is entitled to a bond hearing as a *Bautista* class member. *Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1124 (C.D. Cal. 2025). The Court finds that *Bautista* requires a bond hearing.

2. Petitioner contends that procedural due process requires pre-deprivation notice and a hearing before being taken into immigration custody. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). While the Supreme Court has held in the context of criminal parolees that an informal hearing is required before depriving an individual's liberty, *see Morrissey v. Brewer*, 408 U.S. 471, 484 (1972), the Ninth Circuit has made clear that procedural due process "can and must account for the heightened governmental interest in the immigration detention context," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). The habeas petition fails to address *Rodriguez Diaz* and the adequacy of the post-deprivation process available to Petitioner, including a bond hearing under *Bautista*. *See Rodriguez Diaz*, 53 F.4th at 1208 (noting court must consider "the process [petitioner] received during [detention]" and "the further process that was available to him"). Thus, Petitioner fails to show that procedural due process requires pre-deprivation notice and a hearing.

3. Petitioner contends that his "arrest constituted an unreasonable seizure in violation of the Fourth Amendment because it was executed without a warrant, without probable cause, and pursuant to a blanket enforcement policy rather than individualized suspicion." Dkt. No. 1 at 18. The government is ordered to provide proof that the arrest was lawful, as specified below.

III.

The Court orders as follows:

1. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of this order, as required by *Bautista*.

2. Respondents shall state whether Petitioner was arrested pursuant to an administrative warrant or other statutory or regulatory authority and provide a copy of any arrest warrant. *See* 8 C.F.R. § 1236.1(b); 8 U.S.C. § 1357(a)(2) (authorizing a warrantless arrest only if there is "reason to believe" both that an individual is present unlawfully and is likely to escape before a warrant can be obtained); 8 C.F.R. § 287.8(c)(2) (same).

3

3.  By May 15, 2026, the government shall file a report on the status of compliance with the orders in the two paragraphs above.

Date: May 6, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge