UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IGOR CHINIAKOV,

Petitioner,

v.

WARDEN, ADELANTO ICE PROCESSING CENTER et al.,

Respondents.

Case No. 5:26-cv-02031-SB-DMK

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS [DKT. NO. 1] AND MOTION TO ENFORCE [DKT. NO. 14]

Petitioner Igor Chiniakov, a citizen of Russia detained pending immigration removal proceedings, filed a petition for a writ of habeas corpus and an application for a temporary restraining order (TRO). The Court granted limited relief, ordering the government to provide a bond hearing. Petitioner now moves to enforce the Court's prior order, arguing that the bond hearing was constitutionally deficient and renewing his challenge to the lawfulness of his arrest and detention. The motion and the petition are denied.

I.

Petitioner, a citizen of Russia, entered the United States with his wife and two sons in February 2023 and was released on parole pending removal proceedings. He filed an asylum application that remains pending, and while on parole, he complied with his release conditions. In November 2025, Petitioner was arrested by local police following an altercation and released after a few hours; the district attorney declined to prosecute. On February 2, 2026, Immigration and Customs Enforcement (ICE) arrested Petitioner at a scheduled check-in and took him into custody.

Proceeding pro se, Petitioner filed a petition for a writ of habeas corpus and a TRO application, challenging his arrest, his detention without a pre-deprivation hearing, and his continued detention without bond. Dkt. Nos. 1, 2. The Court denied the TRO application and partially resolved the petition by: (1) denying Petitioner's claim that the lack of a pre-deprivation notice and hearing violated his Fifth Amendment due process rights; (2) finding Petitioner to be a member of the bond-eligible class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D.

Cal. 2025) and ordering the government to provide him an individualized bond hearing; and (3) ordering the government to address whether Petitioner's arrest was supported by a warrant. Dkt. No. 11.

The government responded, providing a copy of Petitioner's February 2, 2026 arrest warrant and confirming that Petitioner received a bond hearing before an immigration judge (IJ) on May 13, 2026. Dkt. No. 12. The IJ denied bond, finding Petitioner to be a flight risk. Dkt. No. 12-1. Petitioner reserved his right to appeal to the Board of Immigration Appeals (BIA). In light of the government's submission, the Court ordered Petitioner to file a reply addressing whether his remaining claims were moot. Dkt. No. 13.

On May 28, 2026, Petitioner filed a motion to enforce, contending that the bond hearing he received did not comply with the Court's order or with his Fifth Amendment due process rights. Dkt. No. 14. He subsequently filed a transcript of the bond hearing and additional briefing, reiterating that his arrest and continued detention violate due process. Dkt. Nos. 15–17. Petitioner also reports that his wife, who had a high-risk pregnancy, gave birth in June and was hospitalized for postpartum complications. Dkt. No. 18.

II.

The Court first addresses the remaining claims in the petition.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or laws or treaties of the United States"). Petitioner's supplemental filings assert that the petition is not moot, and he renews his original challenges to the legality of his arrest and detention.

First, Petitioner repeats his argument that due process required notice and a hearing before he could be taken into immigration custody. The Court already rejected that argument (Dkt. No. 11), and Petitioner identifies no factual or legal basis to revisit that ruling.

Second, Petitioner's reliance on *Zadvydas v. Davis*, 533 U.S. 678 (2001), is misplaced. *Zadvydas* addressed the due process limits on potentially indefinite detention under 8 U.S.C. § 1231 after a final removal order. *See Avilez v. Garland*, 69 F.4th 525, 530, 537 (9th Cir. 2023) (explaining that § 1226 governs detention

during pending removal proceedings, whereas § 1231(a) governs detention after a final order of removal). Here, Petitioner's removal proceedings remain pending, and his detention is therefore not indefinite. *See Jennings v. Rodriguez*, 583 U.S. 281, 303–04 (2018) (declining to extend *Zadvydas* to the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States" because such detention is not indefinite); *Demore v. Kim*, 538 U.S. 510, 523 (2003) (stating that "detention during [removal] proceedings is a constitutionally valid aspect of the [deportation] process"); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (concluding that detention does not become indefinite merely because it lacks a definite end date due to pending judicial review of immigration proceedings). Accordingly, this claim fails.

Finally, Petitioner contends that ICE unlawfully arrested him without a warrant or probable cause. *See* 8 U.S.C. § 1357(a)(2) (authorizing a warrantless arrest only where there is reason to believe the noncitizen is unlawfully present and likely to escape before a warrant can be obtained). This argument is unsupported by the record and otherwise would not justify release.

The government produced a copy of Petitioner's arrest warrant, dated February 2, 2026, which sets forth the basis for believing that Petitioner is removable. The warrant contains a certification that it was served on Petitioner—and read to him in Russian—that same day. Dkt. No. 12-3. Petitioner does not meaningfully dispute the warrant's authenticity, its contents, or the government's statutory authority to detain him pending the conclusion of his removal proceedings. *See* 8 U.S.C. § 1226(a) (providing that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States"). Petitioner states that the warrant was not provided to him at the time of his arrest, but he does not explain how that omission would render his arrest unlawful. And even if the delay in serving Petitioner with the warrant was unlawful, that defect would not entitle him to release. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (explaining that the object of the writ of habeas corpus "is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment"); *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) (reaffirming that principle); *see also, e.g., Urias v. Warden-Facility Adm'r*, No. 5:26-CV-01972-JWH, 2026 WL 1419045, at *1 (C.D. Cal. May 20, 2026) (rejecting the claim that release is the proper remedy for a warrantless arrest). Therefore, Petitioner has not shown that his arrest was unlawful or that he is entitled to release based on any alleged defect in the arrest process.

In sum, for the reasons set forth here and in the Court's prior order (Dkt. No. 11), the petition for writ of habeas corpus is denied to the extent it seeks Petitioner's release.

III.

Having resolved the merits of the habeas petition, the Court turns to Petitioner's motion to enforce its prior order requiring a bond hearing. Dkt. No. 14. Petitioner contends that, although the hearing occurred, the immigration judge violated due process by relying on improper evidence, applying the wrong burden of proof, failing to act as a neutral decisionmaker, and otherwise erring in denying bond. The motion is denied.

The Court's prior order required the government to provide Petitioner with an individualized bond hearing before an immigration judge. The government complied with that directive. Within the time prescribed by the Court, Petitioner appeared before an immigration judge, was represented by counsel, received the assistance of a Russian interpreter, presented documentary evidence and testimony, objected to the government's evidence, argued for release, and received an oral ruling denying bond. In short, the government provided the hearing as ordered.

Nothing more is required to resolve the motion. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). This case is materially indistinguishable from *Leonardo*. There, as here, the petitioner sought to use a motion to enforce a prior habeas order ordering a bond hearing to challenge the adequacy of the hearing ultimately provided. The Ninth Circuit held that the district court properly exercised its authority by determining that the government had complied with the prior order and that it was "under no obligation to address" the petitioner's new challenges to the immigration judge's conduct of the hearing. *Id.* at 1161. The same reasoning applies here. Petitioner's motion does not contend that the government failed to provide the bond hearing ordered by the Court; rather, it raises new legal challenges to the immigration judge's conduct of that hearing. The Court therefore need not consider those challenges.

Accordingly, because the government complied with the Court's prior order by providing the required bond hearing, Petitioner's motion to enforce is denied.

IV.

For the foregoing reasons, Petitioner has not demonstrated that he is in custody in violation of federal law, and he has not shown that the government

failed to comply with the Court's prior order directing that he receive a bond hearing. The petition for a writ of habeas corpus and the motion to enforce are therefore denied. A separate judgment will issue.

Date: July 2, 2026

Stanley Blumenfeld, Jr.
United States District Judge